NEIL S. LERNER (SBN 134031)
THOMAS M. FEDELI (SBN 314647)
COX WOOTTON LERNER
GRIFFIN & HANSEN LLP
12011 San Vicente Boulevard, Suite 600
Los Angeles, California 90049
Telephone: (310) 440-0020
Facsimile: (310) 440-0015
Email:   nsl@cwlfirm.com
         tfedeli@cwlfirm.com

Attorneys for Defendants,
RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and
ADVANCED CLEANUP TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME FREIGHT, INC. d/b/a PACIFIC TUGBOAT SERVICE,<br><br>                    Plaintiff,<br><br>vs.<br><br>BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460 IMO # 976) her tackle, furnishings, equipment, fixtures, and apparel, *In Rem*; and RUBEN GARCIA, an Individual, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC., *In Personam*,<br><br>                    Defendants. | Case No. 18-cv-09548-RGK-PJW<br><br>**IN ADMIRALTY**<br><br>**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, Ruben Garcia, Advanced Environmental Group, LLC ("AEG"), and Advanced Cleanup Technologies, Inc. ("ACTI") (collectively "Defendants"), through

1

their attorneys, submit this Verified Answer and Affirmative Defenses to the Pacific Maritime Freight, Inc. d/b/a Pacific Tugboat Service's ("PTS's") Complaint, as follows:

## DEFENDANTS' ANSWER TO PTS'S COMPLAINT

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains jurisdiction allegations which present legal conclusions and questions of law to be determined solely by the Court and, thus, Defendants deny the allegations of paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains venue allegations which present legal conclusions and questions of law to be determined solely by the Court and, thus, Defendants deny the allegations of paragraph 2 of the Complaint.

### PARTIES

3. Defendants are without knowledge sufficient to admit or deny the allegations contained in paragraph 3, and on that ground deny the allegations of paragraph 3 of the Complaint.

4. Defendants admit BARGE AMECS 1 ("Barge") bears USCG No. 507460, and IMO # 976. Defendants are without knowledge sufficient to admit or deny the remaining allegations contained in paragraph 4, and on that ground deny the remaining allegations of paragraph 4 of the Complaint.

5. Defendants admit Mr. Garcia is a resident of California and President and CEO of AEG and President and CEO of ACTI. Defendants deny the remaining allegations in paragraph 5.

6. Admit.

7. Admit.

8. Admit.

### OVERVIEW

9. Defendants deny each allegation in paragraph 9 of the Complaint.

10. Defendants deny each allegation in paragraph 10 of the Complaint

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.

11. Defendants admit the parties engaged in arbitration related to agreements involving the Barge, the validity of which Defendants dispute. Defendants deny the remaining allegations in paragraph 11.

## GENERAL FACTS

12. Defendants admit PTS and AEG entered a "Teaming Agreement" for use of the Barge and tugboat services related thereto. Defendants deny the remaining allegations in paragraph 12.

13. Admit.

14. Admit that AEG commenced servicing its customer's vessels with PTS providing tug and barge services. Defendants deny the remaining allegations in paragraph 14.

15. Admit.

16. Defendants deny each allegation in paragraph 16 of the Complaint.

17. Admit the parties executed a "First Addendum" dated 16 March 2016. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18. Defendants deny each allegation in paragraph 18 of the Complaint.

19. Defendants deny each allegation in paragraph 19 of the Complaint.

20. Defendants admit PTS commenced arbitration proceedings with AAA on February 14, 2017. Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit PTS and AEG negotiated and signed a Mutual Release and Settlement Agreement. Defendants deny the remaining allegations in paragraph 21.

22. Admit.

23. Defendants deny each of the allegations in paragraph 23.

24. Defendants deny each of the allegations in paragraph 24.

25. Defendants deny each of the allegations in paragraph 25.

26. Defendants deny each of the allegations in paragraph 26.

27. Defendants deny each of the allegations in paragraph 27.

28. Defendants deny each of the allegations in paragraph 28.

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.

29. Admit.
30. Defendants deny each of the allegations in paragraph 30.
31. Defendants deny each of the allegations in paragraph 31.
32. Defendants deny each of the allegations in paragraph 32.
33. Defendants deny each of the allegations in paragraph 33.
34. Defendants deny each of the allegations in paragraph 34.
35. Defendants deny each of the allegations in paragraph 35.
36. Defendants deny each of the allegations in paragraph 36

## FIRST CAUSE OF ACTION

37. Paragraph 37 incorporates previous paragraphs, and is not required to be admitted or denied.
38. Defendants deny each of the allegations in paragraph 38.
39. Defendants deny each of the allegations in paragraph 39.
40. Defendants deny each of the allegations in paragraph 40.
41. Defendants deny each of the allegations in paragraph 41.
42. Defendants deny each of the allegations in paragraph 42.
43. Defendants deny each of the allegations in paragraph 43.
44. Defendants deny each of the allegations in paragraph 44.

## SECOND CAUSE OF ACTION

45. Paragraph 45 incorporates previous paragraphs, and is not required to be admitted or denied.
46. Defendants deny each of the allegations in paragraph 46.
47. Defendants deny each of the allegations in paragraph 47.
48. Defendants deny each of the allegations in paragraph 48.

## THIRD CAUSE OF ACTION

49. Paragraph 49 incorporates previous paragraphs, and is not required to be admitted or denied.
50. Defendants deny each of the allegations in paragraph 50.

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.

51. Defendants deny each of the allegations in paragraph 51.
52. Defendants deny each of the allegations in paragraph 52.
53. Defendants deny each of the allegations in paragraph 53.

### FOURTH CAUSE OF ACTION

54. Paragraph 54 incorporates previous paragraphs, and is not required to be admitted or denied.
55. Defendants deny each of the allegations in paragraph 55.
56. Defendants deny each of the allegations in paragraph 56.
57. Defendants deny each of the allegations in paragraph 57.
58. Defendants deny each of the allegations in paragraph 58.
59. Defendants deny each of the allegations in paragraph 59.
60. Defendants expressly deny that PTS is entitled to any relief, and specifically deny that PTS is entitled to the relief sought in paragraphs 1 through 12 of the Prayer following the word "WHEREFORE" on pages 12 and 13 of the Complaint.

### **AFFIRMATIVE DEFENSES**

Without conceding any of the allegations in PTS's Complaint, Defendants lodge the following affirmative defenses based on information and belief:

### FIRST AFFIRMATIVE DEFENSE
(Lack of Jurisdiction)

The Court lacks jurisdiction over this matter due to the presence of mandatory, binding arbitration clause in the agreement between the parties that controls this matter.

### SECOND AFFIRMATIVE DEFENSE
(Waiver)

PTS waived any claim to current possessory interest in the Barge by invoicing and accepting Defendants' payment for charter hire of the Barge through the end of December 2018, which provides Defendants exclusive possessory interest in the Barge through that period.

///

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

PTS is estopped from bringing the present lawsuit because the causes of action and relief sought are fully submitted and pending in a parallel litigation before the American Arbitration Association, and set to be heard on or about November 26, 2018.

## FOURTH AFFIRMATIVE DEFENSE

(No Ownership or Possessory Interest in AMECS)

PTS has no ownership or possessory interest in the equipment identified in the Complaint as the "AMECS" system technology.

## FIFTH AFFIRMATIVE DEFENSE

(AMECS Not Equipment, Fixtures, or Apparel of Barge)

AMECS is not part of the Barge's tackLE, furnishings, equipment, fixtures or apparel. AMECS is merely stationed on the Barge. Thus, AMECS is not the proper subject of the arrest.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

(Excuse of Performance)

To the extent PTS alleges Defendants failed to perform any alleged obligations pursuant to contract or otherwise, such failure is excused due to the action or inaction of PTS.

## EIGHTH AFFIRMATIVE DEFENSE

(Frustration of Purpose)

Defendants' performance of any duty alleged in the Complaint, by contract or otherwise, is excused by reason of frustration of purpose.

///

///

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.

## NINTH AFFIRMATIVE DEFENSE
### (PTS's Anticipatory Breach)

If any contracts, obligations, or agreements as alleged in the Complaint have been entered into, any duty of performance of Defendants is excused by reason of PTS's anticipatory breach.

## TENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

PTS is barred from recovery against Defendants under the doctrine of unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

PTS is barred from recovery against Defendants because, at all material times, Defendants acted in good faith and conducted all material transactions in good faith.

## TWELFTH AFFIRMATIVE DEFENSE
### (Bad Faith)

PTS acted in bad faith and in violation of any applicable covenant of good faith and fair dealing, thereby legally causing or contributing to PTS's alleged losses, injuries or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

PTS is barred from recovery against Defendants under the doctrine of unclean hands.

Defendants reserve the right to assert additional affirmative defenses as additional information becomes available through discovery and investigation.

WHEREFORE, Defendants pray for the following relief:

A. PTS's requests for relief, in all respects, be denied and that PTS takes nothing by this action;

7

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.

B. Judgment be entered dismissing with prejudice the Complaint against Defendants;

C. Costs of suit; and

D. The Court grant such other and further relief as may be just and proper.

DATED: November 19, 2018

COX WOOTTON LERNER
GRIFFIN & HANSEN, LLP

By: /s/ *Neil S. Lerner*
    NEIL S. LERNER
    THOMAS M. FEDELI
    Attorneys for Defendants RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.
8

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.

## VERIFICATION

I, Ruben Garcia, declare:

I am the President and CEO of Advanced Environmental Group, LLC ("AEG"), and Advanced Cleanup Technologies, Inc. ("ACTI"). I, along with AEG and ACTI, are the Defendants and Counterclaimants in this litigation. I have read the foregoing Answer and Affirmative Defenses, and know the contents thereof. The facts and allegations set forth therein are true and accurate based on my personal knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

///

Dated: 11-18, 2018 at LOS ANGELES, California.

_Ruben Garcia_ (signature)

Ruben Garcia

VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC.