NEIL S. LERNER (SBN 134031)
THOMAS M. FEDELI (SBN 314647)
COX WOOTTON LERNER
GRIFFIN & HANSEN LLP
12011 San Vicente Boulevard, Suite 600
Los Angeles, California 90049
Telephone: (310) 440-0020
Facsimile:  (310) 440-0015
Email:      nsl@cwlfirm.com
            tfedeli@cwlfirm.com

Attorneys for Defendants and Counterclaimants,
RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and
ADVANCED CLEANUP TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME FREIGHT, INC. d/b/a PACIFIC TUGBOAT SERVICE,<br><br>Plaintiff,<br><br>vs.<br><br>BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460 IMO # 976) her tackle, furnishings, equipment, fixtures, and apparel, *In Rem*; and RUBEN GARCIA, an Individual, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC., *In Personam*,<br><br>Defendants. | Case No. 18-cv-09548-RGK-PJW<br><br>**IN ADMIRALTY**<br><br>**REQUEST FOR IMMEDIATE EXPEDITED HEARING ON WEDNESDAY NOVEMBER 21, 2018 PURSUANT TO LOCAL RULE D.1 AND SUPPLEMENTAL RULE E(4)(f) TO THE FEDERAL RULES OF CIVIL PROCEDURE** |

PLEASE TAKE NOTICE THAT Defendants Ruben Garcia, Advanced Environmental Group, LLC ("AEG"), and Advanced Cleanup Technologies, Inc. ("ACTI") (collectively "Defendants"), submit this request for an immediate expedited

1

DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC. REQUEST FOR EXPEDITED HEARING

hearing pursuant to the Local Rules of the Central District of California, Supplemental Rule D.1, and Federal Rules of Civil Procedure, Supplemental Rule E(4)(f), as follows:

1. The Local Rules of the Central District of California, Supplemental Rule D.1 states, "In an action under Supplemental Rule D, a judicial officer may order that the claim and answer be filed on a date earlier than twenty-one (21) days after arrest. The order may also set a date for expedited hearing of the action." L.R. Supp. D.1.

2. Federal Rules of Civil Procedure, Supplemental Rule E(4)(f) states, in relevant part, "*Procedure for Release From Arrest or Attachment.* Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. . . ." Fed.R.Civ.P., Supp.R. E(4)(f).

3. Plaintiff Pacific Maritime Freight, Inc. d/b/a Pacific Tugboat Services ("PTS") brings the present action under Supplemental Rule D of the Federal Rules of Civil Procedure, Rules for Admiralty and Maritime Claims. Therefore, the matter is eligible for hearing on an expedited basis under L.R. Supp. D.1.

4. On or about November 10, 2018, PTS arrested the *in rem* Defendant to this litigation, BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460 IMO # 976) her tackle, furnishings, equipment, fixtures, and apparel. PTS also effected the arrest of certain equipment belonging to Defendants installed thereon, which renders this matter eligible for a prompt hearing whereupon PTS must show why the arrest should not be vacated. Fed.R.Civ.P., Supp.R. E(4)(f).

5. Good cause exists for an order setting a date for an immediate expedited hearing, as set forth below, for November 21, 2018.

6. <u>Defendants Own and Have Exclusive Possessory Interest in Certain Equipment Affixed to a Barge that PTS Arrested</u>. In or about November 2018, PTS caused to be arrested the *in rem* Defendant to this lawsuit, BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460 IMO # 976) her tackle, furnishings, equipment,

fixtures, and apparel. Defendants do not dispute PTS is the registered owner of BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460 IMO # 976) ("Barge"). However, PTS does not own certain equipment on the Barge. Garcia Decl., ¶ 3. Rather, Defendants own certain proprietary emissions control technology ("AMECS"), which is approved by the California Air Resources Board ("CARB") to capture and treat the exhaust emissions from large oceangoing cargo vessels berthed in the Los Angeles and Long Beach harbors. AMECS assists vessel owners to meet stringent emissions requirements, the non-compliance of which results in costly fines to vessel owners. Garcia Decl., ¶¶ 3,5. AMECS is not an appurtenance to the Barge, but is installed thereon. Garcia Decl., ¶ 7. PTS improperly arrested AMECS. Garcia Decl., ¶¶ 3-17. AMECS is currently valued in excess of $10,000,000. Garcia Decl., ¶ 4.

7. <u>Defendants Are Losing Substantial Income By Not Having Use of AMECS, Which it Owns</u>. AMECS earns Defendants substantial income by servicing vessels in the Los Angeles and Long Beach harbors. Garcia Decl., ¶ 22. Services for use of AMECS are in extremely high demand. *Id*. For each hour Defendants do not have access to AMECS, Defendants are losing income. *Id*.

8. <u>Defendants Paid Charter Hire For the Barge Through November 2018</u>. Defendants' payment of charter hire through November 2018 gives them current possessory interest in the Barge. Garcia Decl., ¶¶ 13-14. PTS's arrest constitutes wrongful deprivation. From March 2014 until the November 2018 arrest of the Barge, Defendants used the Barge and AMECS to capture and treat exhaust emissions from cargo vessels, as set forth above. Garcia Decl., ¶ 11. The Barge never left this Judicial District during that period. Garcia Decl., ¶ 12. On or about October 30 2018, PTS invoiced Defendants for charter hire of the Barge for November 2018, which Defendants promptly paid via wire transfer to PTS. Garcia Decl., ¶¶ 13-14. PTS's arrest of the Barge on or about November 10, 2018 wrongfully deprived Defendants of their possessory interest in the Barge.

3

DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC. REQUEST FOR EXPEDITED HEARING

7. <u>PTS's Conduct Constitutes Unclean Hands</u>. On or about November 7, 2018, PTS demanded Defendants/Counterclaimants remove AMECS from the Barge. Garcia Decl., ¶ 16. PTS knew or had reason to know that uninstalling and offloading AMECS would likely take more than a few days. Garcia Decl., ¶ 19. Less than one (1) week after PTS demanded removal of AMECS from the Barge, PTS caused the Barge to be arrested. Garcia Decl., ¶ 18. At the time of the arrest, PTS knew or had reason to know that Defendants/Counterclaimants had not had the opportunity uninstalled and offloaded AMECS from the Barge. Garcia Decl., ¶ 19. PTS is aware the Defendants/Counterclaimants were made to forfeit substantial business as a result of the arrest due to Defendants/Counterclaimants' inability to fulfil existing contracts to service cargo vessels with AMECS. PTS's conduct constitutes unclean hands. Garcia Decl., ¶ 21. Furthermore, it is believed PTS's improper arrest of AMECS was likely intended to (1) interfere with Defendants' existing and future customers to gain leverage over Defendants' market share, (2) force the sale of AMECS and purchase it at a reduced price, and/or (3) gain custody of AMECS to reverse engineer the proprietary technology to create a similar system for its own use and economic benefit. Garcia Decl., ¶ 25.

8. <u>PTS Does Not Claim Security in AMECS for a Judgment</u>. PTS is aware that AMECS is currently subject to two (2) UCC-1 finance statements. Garcia Decl., ¶ 32. Furthermore, PTS waived any such claim to security by not raising it in its pleadings in this litigation.

9. <u>The Issues Set Forth in PTS's Complaint Are Subject to Pending Arbitration</u>. The causes of action and relief sought in PTS's Complaint are subject to pending arbitration before the American Arbitration Association, and the issues set forth in PTS's Complaint are set to be heard on or about November 26, 2018. Baker Decl., ¶¶ 3-9.

10. <u>The Matter is Ready to Be Heard Immediately</u>. On November 19, 2018, Defendants submitted their Answer and Affirmative Defenses, and Claim for Interest in the Barge, rendering the matter ripe for immediate hearing. The undersigned will provide

DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC. REQUEST FOR EXPEDITED HEARING

notice by email to opposing counsel of its intent to seek an emergency immediate expedited hearing.

**WHEREFORE, DEFENDANTS REQUEST FROM THIS HONORABLE COURT AN EXPEDITED HEARING, AS FOLLOWS:**

A.  An order directing Defendants and PTS to appear for hearing before this Court on Wednesday, November 21, 2018 or as soon thereafter as the Court is available for hearing.

B.  For an order directing PTS at the hearing to show cause why the arrest of the Barge and/or AMECS should not be immediately vacated and released to Defendants.

DATED: November 19, 2018            COX WOOTTON LERNER
                                    GRIFFIN & HANSEN, LLP


                                    By:  /s/ Neil S. Lerner
                                         NEIL S. LERNER
                                         THOMAS M. FEDELI
                                         Attorneys for Defendants RUBEN
                                         GARCIA, ADVANCED
                                         ENVIRONMENTAL GROUP, LLC, and
                                         ADVANCED CLEANUP
                                         TECHNOLOGIES, INC.

## VERIFICATION

I, Ruben Garcia, declare:

I am the President and CEO of Advanced Environmental Group, LLC ("AEG"), and Advanced Cleanup Technologies, Inc. ("ACTI"). I, along with AEG and ACTI, are the Defendants and Counterclaimants in this litigation. I have read the foregoing Request for Emergency Immediate Expedited Hearing and know the contents thereof. The facts and allegations set forth therein are true and accurate based on my personal knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

///

Dated: 11-18, 2018 at LOS ANGELES, California.

_____
Ruben Garcia

6

DEFENDANTS RUBEN GARCIA, ADVANCED ENVIRONMENTAL GROUP, LLC, and ADVANCED CLEANUP TECHNOLOGIES, INC. REQUEST FOR EXPEDITED HEARING