1  JOSEPH A. WALSH II, State Bar No. 143694
   joe.walsh@collierwalsh.com
2  COLLIER WALSH LLP
   One World Trade Center, Suite 1860
3  Long Beach, CA  90831
   Telephone: (562) 317-3300
4  Facsimile:  (562) 317-3399

5  Attorneys for Plaintiffs,
   Pacific Maritime Freight, Inc. d/b/a
6  Pacific Tugboat Service ("PTS")

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 PACIFIC MARITIME FREIGHT,            CASE NO.  2:18-cv-9548-RGK(PJWx)
   INC., d/b/a PACIFIC TUGBOAT
12 SERVICE ("PTS"),                     JOINT STIPULATION AND
                                        PROPOSED TEMPORARY
13                                      MODIFIED ORDER
              Plaintiff,                REGARDING ARREST OF
14                                      VESSEL AMECS 1 BARGE
       v.                               (aka "TIDEMAR"), (USCG
15                                      No. 507460, IMO #976)
   BARGE AMECS 1 (a/k/a                 PURSUANT TO
16 "TIDEMAR") (USCG No. 507460),        ADMIRALTY RULE D
   her tackle, furnishings, equipment,
17 fixtures and apparel, *In Rem*;
   RUBEN GARCIA, an Individual,
18 ADVANCED ENVIRONMENTAL
   GROUP, LLC, and ADVANCED
19 CLEANUP TECHNOLOGIES, INC.
   (COLLECTIVELY "AEG"), *In
20 Personam*,
21
              Defendants.
22

23

24

25

26      The Parties to this action, through their respective counsel, hereby submit

27 this Joint Stipulation and Proposed Temporary Modified Order Regarding Arrest of

28
                                   1

The BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460, IMO # 976)(hereinafter THE "Barge").

1.      On November 9, 2018, Plaintiff PACIFIC MARITIME FREIGHT d/b/a PACIFIC TUGBOAT SERVICE ("PTS") initiated an action against Defendants, BARGE AMECS 1 (a/k/a "TIDEMAR") (USCG No. 507460, IMO # 976), *In Rem;* RUBEN GARCIA, ADVANCED CLEANUP TECHNOLOGIES, INC., and ADVANCED ENVIRONMENTAL GROUP, LLC, *In Pesonam* (collectively the *in personam* Defendants are referred herein as "AEG"). (Dkt. No. 1).

2.      As part of its action, PTS also applied *ex parte* for a warrant for the arrest of the Barge. (Dkt. Nos. 4, 7).  An Order and accompanying warrant were issued on November 10, 2018 by this Court.  (Dkt. No. 9). The Barge was thereafter arrested by the U.S. Marshal on or about November 11, 2018 and custody of the Barge was then transferred to the Court appointed Substitute Custodian, Nielsen Beaumont Marine, Inc. (hereafter "Beaumont").  (Dkt. No. 8).

3.      On November 19, 2018, the AEG Defendants filed their answers to Plaintiff's Complaint and, among other pleadings, requested an immediate expedited hearing seeking to have Plaintiff justify the arrest. (Dkt. Nos. 16, 20).

4.      The Court set a provisional hearing on Defendants' request for an expedited hearing for Monday, November 26, 2018, but also ordered counsel for the parties to meet and confer by 5:00 pm on Wednesday, November 21, 2018 to explore possibilities of resolution.  (Dkt. No. 21)

5.      The parties met as ordered and reached a tentative agreement on certain immediate issues while reserving all rights and claims each may have against the other.  The parties are presently working on the terms of a "Standstill Agreement" which, when finalized, will be filed in the form of a joint stipulation and proposed order modifying the terms of the arrest.

6.     Accordingly, the parties have notified the Deputy Clerk via email over the Thanksgiving holiday that there is no longer a need for an expedited hearing on Monday, November 26, 2018.

7.     In the meantime, and during the time in which a more formal Stipulation and Proposed Order is being negotiated, the parties have agreed that it is in their respective best interests, and as a means to mitigate overall damages and expenses, if the Barge is permitted while under arrest and on a limited case by case/job-by-job basis, to allow AEG to service oceangoing ships and to generate revenue and avoid potential exposure to third parties.

8.     Therefore, the parties jointly stipulate and hereby request that the existing Arrest Order be temporarily modified to allow the Barge to be deployed within the Los Angeles/Long Beach port complex for the purpose of servicing AEG customer vessels, but to remain under Arrest until further notice or rulings of this Court.

9.     Said deployment is at the mutual pleasure and discretion of both parties and either may, in their sole discretion, withhold or cancel consent of such deployment by notification to each other and the Court Appointed Substitute Custodian.

10.     It is contemplated that this Proposed Temporary Modified Order will remain in place until further orders are issued by the Court. Respectfully submitted.

Dated:  November 23, 2018          COLLIER WALSH LLP


By:_____/s/_____
        Joseph A. Walsh II
        Counsel for Plaintiff

3

Dated:  November 23, 2018          COX WOOTEN LERNER GRIFFIN AND
                                   HANSEN LLP


                                   By:____/s/_____
                                        Neil S. Lerner
                                        Counsel for Defendants




TEMPORARY ORDER MODIFYING ARREST OF BARGE


     Based on the foregoing Joint Stipulation of the Parties, **IT IS HEREBY ORDERED:**

     1.    The subject Barge is to remain under arrest in the custody of the U.S. Marshal and is to remain within the District at all times.

     2.    In addition to the duties and appointment outlined in this Court's Orders of November 10, 2018 authorizing the Arrest and Appointment of a Substitute Custodian, you are hereby authorized and directed to accept joint instructions from the Parties, through their respective counsel, with respect to the movement, deployment and mooring/berthing of the Barge.

     3.    Said joint instructions must be uniform and jointly issued to you by the parties through their counsel.  Either party may, in its sole discretion, withhold or cancel its consent or concurrence, in which case, you are to take reasonable but immediate action to order the safe disengagement, movement and moorage/berthing of the Barge consistent with this Court's prior Orders.

     4.    Additional expenses reasonably incurred by you in accepting any joint instructions must be paid in a manner acceptable to you by the parties as they may agree.

     5.    You are further authorized and instructed to refuse any joint instructions from the parties which you believe in your sole discretion to be unsafe

or an unreasonable burden on your resources to fulfill your obligations as Custodian.

**SO ORDERED**.

Dated:  November 26, 2018

_____
Judge, United States District Court